**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ARMENDARIZ,

       Petitioner,

v.                                 No. CV 18-1144 WJ/CG

STANLEY MOYA, et al.,

       Respondents.

## <u>ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 23), filed July 16, 2019; *Respondents' Objections to the Chief Magistrate Judge's Proposed Findings and Recommended Disposition* ("Respondents' objections"), (Doc. 24), filed July 30, 2019; and Petitioner Michael Armendariz' *Petitioner's Motion to Reconsider Final Order* ("Petitioner's objections"), (Doc. 25), filed August 2, 2019. In the PFRD, the Chief Magistrate Judge recommended that Mr. Armendariz' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Petition"), (Doc. 1), be granted in part and denied in part. (Doc. 23 at 34). The parties were informed that objections to the PFRD were due within fourteen days of the date the PFRD was filed. *Id*. Both parties timely objected to the PFRD. (Doc. 24) and (Doc. 25). Neither party responded to the other party's objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(B)(2). Following a *de novo* review of the Petition, PFRD, and both parties' objections, the Court will overrule the objections, adopt the PFRD, grant

the Petition in part, and remand this case to state court for dismissal of Mr. Armendariz'

conviction for aggravated battery.

## I. Background

This case arises from Mr. Armendariz shooting two off-duty police officers,

brothers Damacio and Eric Montano, during a fight in the parking lot of a sports bar in

Los Lunas, New Mexico, on October 6, 2002. (Doc. 13 at 2). Damacio Montano died as

a result of his injuries. *Id.* Mr. Armendariz alleges the Montano brothers were beating his

friend, Nestor Chavez, and he claims he shot the men in self-defense and in defense of

Mr. Chavez. *Id.* On August 11, 2003, Mr. Armendariz was convicted in state court for

first-degree murder (willful and deliberate); attempt to commit first-degree murder;

aggravated battery; tampering with evidence; and possession of a firearm by a felon.

(Doc. 13-1 at 1).

Mr. Armendariz filed a direct appeal of his conviction with the New Mexico Court

of Appeals, arguing the trial court erred by preventing him from introducing evidence of

Damacio Montano's prior violence, and that his convictions for aggravated battery and

the attempted murder of Eric Montano violate the prohibition against double jeopardy.

(Doc. 13-1 at 67-103). The New Mexico Supreme Court denied his appeal, holding that

the instances of Damacio Montano's past behavior were not admissible for the offered

purpose and there was no double jeopardy violation. *State of New Mexico v.*

*Armendariz*, 2006-NMSC-036, 141 P.3d 526; (Doc. 13-1 at 132-157). Mr. Armendariz

then filed a state habeas corpus petition raising claims of prosecutorial misconduct,

insufficiency of the evidence, and ineffective assistance of counsel. (Doc. 13-1 at 4-12);

(Doc. 13-2 at 61-105); (Doc. 13-3 at 4-33). The state court held a hearing on these

claims and denied the habeas petition. (Doc. 13-8 at 6-16). Mr. Armendariz filed a

petition for a writ of certiorari with the New Mexico Supreme Court, which was denied on

November 19, 2018. *Id.* at 49-62.

In his § 2254 Petition, Mr. Armendariz claims the state violated his constitutional

rights by: (1) failing to preserve blood evidence; (2) losing or destroying the original

surveillance video; (3) contaminating the scene of the crime; and (4) planting evidence.

(Doc. 1 at 6-8, 9-12, 21-24) (Grounds One, Three, Nine and Ten). Next, Mr. Armendariz

claims his counsel was ineffective for failing to investigate blood and video-surveillance

evidence. *Id.* at 8-9, 12 -13 (Grounds Two and Four). He also claims the trial court erred

by: (1) allowing a witness to narrate a composite surveillance video as it was played for

the jury; (2) holding an important meeting outside of Mr. Armendariz' presence; and (3)

excluding evidence of Damacio Montano's prior violent conduct. *Id.* at 14-15, 19-21, 24-

26 (Grounds Five, Eight, and Eleven). Finally, Mr. Armendariz claims: he has new,

exculpatory witness testimony, *id.* at 15-17 (Ground Six); there was insufficient evidence

to support his conviction for first-degree murder, *id.* at 17-19 (Ground Seven); and his

convictions for aggravated battery and attempted murder violate double jeopardy, *id.* at

26-27 (Ground Twelve). In response to the Petition, Respondents state Mr. Armendariz

exhausted available state court remedies as to all of his claims, and argue the claims

should be denied on their merits. (Doc. 13 at 5).

In the PFRD, the Chief Magistrate Judge considered Mr. Armendariz' claims,

explaining that under 28 U.S.C. § 2254(d) Mr. Armendariz must show that the state

courts' decisions were contrary to or an unreasonable application of clearly established

federal law, or that they were unreasonable determinations of fact. (Doc. 23 at 4-6). The

Chief Magistrate Judge found that the state courts' decisions as to Grounds One through Eleven of Mr. Armendariz' Petition were not contrary to or an unreasonable application of clearly established federal law, and did not result in unreasonable determinations of fact in light of the evidence presented. *Id.* at 6-28, 34. However, the Chief Magistrate Judge found that Mr. Armendariz' convictions for attempted first-degree murder and aggravated battery violate the constitutional prohibition on double jeopardy. *Id.* at 28-34. Therefore, the Chief Magistrate Judge recommended that Mr. Armendariz' Petition be granted in part and denied in part, and this case be remanded to state court to vacate Mr. Armendariz' conviction for aggravated battery. *Id.* at 34.

Respondents object to the Chief Magistrate Judge's finding that Mr. Armendariz' convictions for attempted first-degree murder and aggravated battery violate the prohibition against double jeopardy. (Doc. 24 at 1). Respondents argue the New Mexico Supreme Court properly applied federal law in considering Mr. Armendariz' double jeopardy argument on direct appeal, and the later overruling of that decision does not apply retroactively to Mr. Armendariz' convictions. *Id.* at 2-8. Mr. Armendariz objects to the Chief Magistrate Judge's findings regarding the video and blood evidence, and argues the state court erred by denying him an evidentiary hearing. (Doc. 25 at 1-4).

## II.    Analysis

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real*

*Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059

(10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de*

*novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues

"raised for the first time in objections to the magistrate judge's recommendation are

deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also*

*United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

    A. <u>*Respondents' Objections*</u>

    Respondents object to the Chief Magistrate Judge's finding that Mr. Armendariz'

convictions for attempted first-degree murder and aggravated battery violate the

prohibition against double jeopardy. (Doc. 24 at 1). As explained in the PFRD, the

Double Jeopardy Clause of the Fifth Amendment prohibits the imposition of "multiple

criminal punishments for the same offense." (Doc. 23 at 29) (quoting *Monge v.*

*California*, 524 U.S. 721, 727-28 (1998)). When a defendant is charged with violating

multiple criminal statutes for the same underlying acts or omissions, the double

jeopardy doctrine "prevent[s] the sentencing court from prescribing greater punishment

than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 365 (1983); *see also*

*Wood v. Milyard*, 721 F.3d 1190, 1194 (10th Cir. 2013) ("Simply put, a court cannot

impose cumulative punishments for the same offense unless the legislature has

authorized it to do so."). In *Blockburger v. United States*, the United States Supreme

Court held that a person may be prosecuted for more than one crime based on the

same conduct if: (1) each crime requires proof of a fact the other does not; and (2) the

legislature has expressed its intent to impose cumulative punishment for the same

conduct under separate statutory provisions. 284 U.S. 299, 304 (1932); *see also United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000).

On Mr. Armendariz' direct appeal, the New Mexico Supreme Court applied the *Blockburger* test and found that Mr. Armendariz' convictions for attempted first-degree murder and aggravated battery arose from the same conduct and each crime contained an element that the other did not. 2006-NMSC-036, ¶¶ 23-24. Moving to the second *Blockburger* prong, the New Mexico Supreme Court considered whether the legislature intended to impose cumulative punishment for those crimes. The *Armendariz* court reasoned that the two statutes were enacted to address different social harms, there was no language in either statute indicating the crimes were alternative ways of committing the same crime, and the two crimes did not necessarily have to be violated at the same time. *Id.* ¶ 25. Based on this reasoning, the New Mexico Supreme Court found that the legislature authorized multiple punishments for attempted murder and aggravated battery and upheld Mr. Armendariz' convictions for both crimes. *Id.*

Six years later, in *State of New Mexico v. Swick*, the New Mexico Supreme Court reconsidered its holding in *Armendariz*. 2012-NMSC-018. The *Swick* court explained that "modifications to our double jeopardy jurisprudence since deciding *Armendariz* lead us to conclude that the Legislature did not intend multiple punishments for attempted murder and aggravated battery arising from the same conduct because the latter is subsumed by the former." *Id.* ¶ 19. Specifically, the court explained that the application of *Blockburger* "should not be so mechanical that it is enough for two statutes to have different elements," and that the court erred in stating that the statutes were enacted to address different social harms. *Id.* ¶¶ 23-24, 29. The court further reasoned that any

ambiguity regarding legislative intent should have been resolved in favor of lenity. *Id.* ¶ 30. Therefore, the New Mexico Supreme Court held that convictions for attempted murder and aggravated battery based on the same conduct violate the prohibition against double jeopardy and overruled its decision in *Armendariz. Id.* ¶ 31.

Under 28 U.S.C. § 2254(d)(1), the Court must determine whether a state court judgment resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law. The New Mexico Supreme Court in *Swick* held that its application of *Blockburger* on Mr. Armendariz' direct appeal was unreasonable because the legislature did not intend multiple punishments for attempted murder and aggravated battery arising from the same conduct. 2012-NMSC-018, ¶ 19. Therefore, the state court overruled its decision in *Armendariz. Id.* at ¶ 31.

The Court finds no error in the Chief Magistrate Judge's finding that the Court is bound by the holding in *Swick.* As explained in *Wood*, a state court's application of the *Blockburger* test "must give way when we have express legislative direction" regarding double jeopardy. *Wood*, 721 F.3d at 1196. Because the New Mexico Supreme Court in *Swick* expressly found that the legislature did not intend multiple punishments for attempted murder and aggravated battery arising from the same conduct, *Swick* compels the conclusion that Mr. Armendariz' convictions for attempted murder and aggravated battery violate the prohibition against double jeopardy.

Respondents urge the Court to distinguish *Wood* from this case because the state courts in *Wood* never decided the petitioner's double jeopardy claim on the merits. (Doc. 24 at 3-4). Respondents argue this distinction is important because the New Mexico Supreme Court rejected Mr. Armendariz' double jeopardy argument in his direct

appeal, and Respondents maintain the Court must give deference to that decision and measure it against clearly established federal law that existed at that time. *Id.* at 4. However, the clearly established federal law that existed at the time of *Armendariz* did not change by the time the state court decided *Swick*. To the contrary, both decisions applied *Blockburger*. Therefore, Respondents' argument that the Court should defer to the holding in *Armendariz*, but not in *Swick*, is unavailing.

In addition, Respondents argue that *Swick* cannot be applied retroactively to *Armendariz*. (Doc. 24 at 6-7). Respondents did not raise this issue in their response to the Petition. Instead, Respondents argued the New Mexico Supreme Court properly applied *Blockburger* on Mr. Armendariz' direct appeal and Mr. Armendariz was not doubly punished because his sentence for aggravated battery merged with his sentence for attempted murder. (Doc. 13 at 23-25). Because Respondents did not raise the issue of whether *Swick* is retroactively applicable before the Chief Magistrate Judge, the issue has been waived. *Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Respondents also argue for the first time in their objections that Mr. Armendariz has not exhausted his available state court remedies as to whether *Swick* applies to Mr. Armendariz' convictions. (Doc. 24 at 6-7). Respondents contend this issue is for the state courts to decide and Mr. Armendariz failed to raise it in his state habeas petition. *Id.* A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's § 2254 petition. *See* 28 U.S.C. § 2254(b)(1)(A);

*Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). However, when the state waives

the exhaustion requirement in its response to a § 2254 petition, it is precluded from

subsequently raising it. For example, in *Richwine v. Romero*, the state waived the

exhaustion requirement in response to the § 2254 petition, but the district court

nevertheless found that some of the petitioner's claims had not been exhausted and

dismissed the petition without prejudice for that reason. 462 Fed.Appx. 770, 772-73

(10th Cir. Dec. 2, 2011) (unpublished). The Tenth Circuit reversed finding the district

court erred by *sua sponte* raising exhaustion after the state expressly waived that

defense. *Id.* at 773 ("[I]t would be an unusual step for a court to dispose of a case on

exhaustion grounds sua sponte after the state has expressly waived an exhaustion

defense.") (citing *Gonzales v. McKune*, 279 F.3d 922, 926 (10th Cir. 2002)); *see also*

*McCormick v. Parker*, 571 Fed.Appx. 683, 687-88 (10th Cir. July 9, 2014) (unpublished)

(refusing to consider the state's argument that the petitioner did not exhaust his state

court remedies because the state waived exhaustion in its response to the § 2254

petition).

In response to the Petition, Respondents stated that Mr. Armendariz exhausted

available state court remedies as to his claims, and argued his claims should be

dismissed on the merits with prejudice. (Doc. 13 at 4). This constitutes an express

waiver of exhaustion. *See McCormick*, 571 Fed.Appx. at 687 (finding the state

expressly waived exhaustion when it stated in its response to the petition that the

petitioner exhausted his state court remedies and asked the court to consider the claims

on the merits and dismiss them with prejudice); *Richwine*, 462 Fed.Appx. at 772 (same);

*Wood v. Milyard*, 132 S.Ct. 1826, 1835 (2012) (finding the state waived its procedural

challenge where "the State, after expressing its clear and accurate understanding of the

. . . issue . . . , deliberately steer[ed] the District Court away from the question and

towards the merits of the petition"); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)

("By waiting until after the magistrate court had issued its findings and

recommendations, and by admitting that Petitioner had exhausted his state remedies on

all issues raised in his federal petition, Respondent has waived procedural default and

exhaustion doctrine objections."). The Court recognizes the exhaustion doctrine "reflects

the policies of comity and federalism between the state and federal governments."

*Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Nevertheless, Respondents had

ample opportunity to raise exhaustion in their response and chose not to. Therefore, the

Court cannot dispose of this claim on exhaustion grounds.

For the reasons stated above, the Court agrees that Mr. Armendariz' convictions

for attempted first-degree murder and aggravated battery violate the double jeopardy

prohibition. The Court further finds that Respondents waived their arguments regarding

whether the New Mexico Supreme Court's decision in *Swick* is retroactively applicable

and whether Mr. Armendariz exhausted his state court remedies. Therefore, the Court

finds no error in the Chief Magistrate Judge's findings on this issue and overrules

Respondents' objections.

    B.  <u>Mr. Armendariz' Objections</u>

In his *Motion to Reconsider Final Order*, which the Court construes as objections

to the PFRD, Mr. Armendariz states that he was denied an evidentiary hearing in state

court which deprived him of the opportunity to develop a factual record of his claims.

(Doc. 25 at 2). First, the record shows that the state court held an evidentiary hearing on

the issues raised in Mr. Armendariz' habeas corpus petition on July 19, 2018, at which

Mr. Armendariz was represented by an attorney and presented a witness and several

exhibits. (Doc. 13-8 at 6) ("The Court heard all of the matters raised at the July 19, 2018

hearing and allowed Petitioner to present an offer of proof through his attorney and

through one witness and permitted the submission of exhibits "A" through "D" by the

Defendant."). In addition, Mr. Armendariz did not raise this claim in his Petition, so it is

waived. *See Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time

in objections to the magistrate judge's report are deemed waived."). Therefore, the

Court overrules this objection

Next, Mr. Armendariz objects to the findings in the PFRD regarding his

prosecutorial misconduct and ineffective assistance of counsel claims. (Doc. 25 at 1-4).

Specifically, Mr. Armendariz argues the original video of the incident was altered, which

is evident because there are inconsistencies between the video shown at trial and

witness testimony and because the video was not a "multiplexing" video. *Id.* at 1-2. Mr.

Armendariz contends the destruction of the original video constitutes prosecutorial

misconduct because the original video would have shown that he acted in self-defense

or in defense of Mr. Chavez. *Id.* at 2-3.

As set forth in the PFRD, the state district court found that Detective Nuanes laid

a proper foundation for the duplicate tape by testifying that his version was a "replica" of

the original and was "exactly what you see in the original." (Doc. 23 at 11) (citing Doc.

13-8 at 7, and Doc. 14-4 at 97). The state court further found that Mr. Armendariz'

counsel "was expressly given the opportunity to view the version of the original," no

request was made to view the original by the jury, and the record did not show that the

tape was improperly edited or that an unedited version would have shown a different version of events. (Doc. 13-8 at 7-8, 12-13). The Court agrees that the record does not support a finding that the original tape was suppressed or edited in a way that was prejudicial to Mr. Armendariz' defense. The record demonstrates that Mr. Armendariz' counsel had tactical reasons not to pursue the original tape because it did not support his theory of self-defense or defense of another. *See* (Doc. 13-8 at 8-9) ("Nothing has been submitted to show that the 'original' would probably sway a jury in Defendant's favor and the indications are that Defense counsel was better off with the 'grainy' tape in light of his conduct and in light of all the testimony of witnesses believed by the jury."). Moreover, Mr. Armendariz does not allege, and the record does not indicate, that the state acted in bad faith with regard to the original videotape. *See Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) (explaining that a defendant can establish a due process violation with regard to potentially useful evidence only if he can show the government acted in bad faith in failing to preserve the evidence). For these reasons, the Court overrules this objection.

Finally, Mr. Armendariz objects to the findings in the PFRD regarding his ineffective assistance of counsel claims. (Doc. 25 at 3). He argues that his defense counsel was ineffective for failing to investigate the original surveillance video and blood evidence. *Id.* The Chief Magistrate Judge rejected these claims in the PFRD, finding that the state court's decisions on the claims were not contrary to clearly established federal law and were not based on an unreasonable determination of the facts. (Doc. 23 at 16-19).

Regarding the blood evidence, Mr. Armendariz' counsel presented evidence to the jury encompassing Mr. Armendariz' contention that Mr. Chavez was being severely beaten, and Mr. Armendariz does not show that any additional blood evidence would have been anything more than cumulative. *See* (Doc. 14-5 at 43-48, 68-74). As to the video tape, the state district court made the following findings: (1) Detective Nuanes credibly testified that the copy of the tape that was shown to the jury was a replica of the original and contains exactly what is in the original; (2) Mr. Armendariz failed to demonstrate that the original video would change the result of the trial; and (3) defense counsel's tactics in not pursuing the original video were reasonable because they "left open his ability to argue that the video showed 'ghosts'." (Doc. 13-8 at 7, 9, 13). Mr. Armendariz makes no showing that any further investigation into the video tape by his counsel would have affected the outcome of the trial. Therefore, the Court finds Mr. Armendariz has not demonstrated that his counsel's performance fell below an objective standard of reasonableness or the result of the proceeding would have been different but for his counsel's alleged errors. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Harrington v. Richter*, 562 U.S. 86, 108 (2011) ("An attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense."); *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (explaining that a habeas petitioner's factual allegations must be "specific and particularized, not general or conclusory" in order to demonstrate the state court's findings were unreasonable). Therefore, the Court overrules these objections.

## III. Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that with regard to Grounds One through Eleven, the state courts' decisions were not contrary to or unreasonable applications of clearly established federal law, or resulted in an unreasonable determination of facts in light of the evidence presented. The Court further finds that the Chief Magistrate Judge properly found that Mr. Armendariz' convictions for attempted first-degree murder and aggravated battery violate the constitutional prohibition on double jeopardy, and Respondents waived the issue of whether this claim was exhausted. Therefore, the Court overrules the objections of Mr. Armendariz and Respondents.

**IT IS THEREFORE ORDERED** that Mr. Armendariz' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), is **GRANTED** as to Ground Twelve, and **DENIED** as to all other claims.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to state court to vacate Mr. Armendariz' conviction for aggravated battery.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

_____
THE HONORABLE WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE